**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| MUBASHIR KHALIF HUSSEN, MAHAMED EYDARUS, and JAVIER DOE, *on behalf of themselves and others similarly situated,* | Case No. 0:26-cv-324-ECT-ECW |
| *Plaintiffs*, | |
| v. | |
| KRISTI NOEM, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD M. LYONS, *in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*; DAVID EASTERWOOD, *in his official capacity as U.S. Immigration and Customs Enforcement Field Office Director for St. Paul, Minnesota*; U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, *in his official capacity as Commissioner of U.S. Customs and Border Protection*; U.S. BORDER PATROL; MICHAEL W. BANKS, *in his official capacity as Chief of U.S. Border Patrol*; and GREGORY BOVINO, *in his official capacity as Commander-at-Large of U.S. Border Patrol*, | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTIVE RELIEF** |
| *Defendants*. | |

This matter came before the Court on Plaintiffs' Motion for Preliminary Injunctive Relief [ECF No. 25]. Based upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion is **GRANTED.**

2. Defendants and their agents are **ENJOINED** from implementing their policy and practice of stopping individuals in the Twin Cities Metropolitan Area ("Twin Cities Metro Area") for civil immigration purposes without a valid individualized determination by the agent making the stop of reasonable suspicion that the person being stopped is in the United States in violation of law or regulation regulating the admission, exclusion, expulsion, or removal of noncitizens.

3. Defendants and their agents are **ENJOINED** from making warrantless civil immigration arrests in the Twin Cities Metro Area without a valid pre-arrest individualized determination by the arresting agent of probable cause that the person being arrested is in the United States in violation of law or regulation regulating the admission, exclusion, expulsion, or removal of noncitizens.

4. Defendants and their agents are **ENJOINED** from implementing their policy and practice of making warrantless civil immigration arrests in the Twin Cities Metro Area without a valid pre-arrest individualized determination by the arresting agent of probable cause that the person being arrested is likely to escape before a warrant can be obtained.

5. When making a warrantless civil immigration arrest in the Twin Cities Metro Area, Defendants and their agents are **ORDERED** to document, as soon as practicable, the facts and circumstances surrounding the warrantless civil immigration arrest in narrative form, including:

    a. the specific, particularized facts that supported the agent's pre-arrest probable cause to believe that the person is in the United States in violation of law or regulation regulating the admission, exclusion, expulsion, or removal of noncitizens, and

    b. the specific, particularized facts that supported the agent's pre-arrest probable cause to believe that the person is likely to escape before a warrant can be obtained, including the following facts that are required to be documented pursuant to the Department of Homeland Security's "Broadcast Statement of Policy" on compliance with 8 U.S.C. § 1357(a)(2)[1]:

        i. "that the [noncitizen] was arrested without a warrant";

        ii. "the location of the arrest and whether this location was a place of business, residence, vehicle, or a public area";

        iii. "the [noncitizen's] ties to the community, if known at the time of arrest, including family, home, or employment"; and

---

[1] *See* https://www.ice.gov/doclib/legalNotice/220527castanonSettlement_attA.pdf

      iv. "the specific, particularized facts supporting the conclusion that the [noncitizen] was likely to escape before a warrant could be obtained."

6. When completing required documentation for a warrantless immigration arrest in the Twin Cities Metro Area, Defendants and their agents are **ORDERED** to include the date, time, and location of the arrest, and the date and time the agent completed the documentation.

7. When conducting stops of individuals, in vehicles or on foot, for immigration purposes in the Twin Cities Metro Area, Defendants and their agents are **ORDERED** to document, as soon as practicable, the facts and circumstances surrounding the stop in narrative form, including:

    a. the reason for the stop, including the specific federal crime or civil immigration violation that the agent suspected the person committed;

    b. the perceived race and ethnicity of the person stopped, including specifically whether the agent perceived the individual to be Somali or Latino;

    c. identifying information of the person stopped;

    d. the date, time, and location of the stop;

    e. whether agents used force during the stop;

    f. the outcome of the stop, including whether agents made an arrest;

    g. whether agents video-recorded the stop; and

    h. the date and time the agent completed the documentation.

8. When completing required documentation for a stop for immigration purposes or warrantless immigration arrest, Defendants and their agents are **ORDERED**, to provide specific details as to the incident such that the use of boilerplate language may be deemed indicative of noncompliance with the Court's order.

9. **Within 14 days and every 14 days thereafter** until this litigation is terminated or the Court rules otherwise, Defendants and their agents are **ORDERED** to release to Plaintiffs' counsel the documentation of Defendants' and their agents' stops for immigration purposes and warrantless civil immigration arrests within the Twin Cities Metro Area, including video of stops and arrests, or, if requested by Plaintiffs' counsel, concerning specific individual stops or warrantless arrests, no later than **7 days** after the request.

10. **Within 14 days and every 14 days thereafter** until this litigation is terminated or the Court rules otherwise, Defendants are **ORDERED** to produce aggregate data regarding their stops for immigration purposes, uses of force, and warrantless civil immigration arrests within the Twin Cities Metro Area, including the number of stops, uses of force, and warrantless civil immigration arrests during the preceding week, broken out by stop, use of force, and civil immigration arrest; the perceived race and ethnicity of those stopped or arrested, or against whom force was used, including specifically whether the agent perceived the individual to be Somali or Latino; the municipalities or counties where the stop, arrest, or use of force occurred; and the number of warrantless civil immigration arrestees released due to the person not being removable or an escape risk.

5

11. It is further **ORDERED** that this injunction shall be effective upon service on the Defendants, and a bond in the amount of $1 shall be required.

**SO ORDERED.**

Date: _____

_____
United States District Judge