UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mubashir Khalif Hussen, Mahamed Eydarus, and Javier Doe, *on behalf of themselves and others similarly situated*, | File No. 26-cv-324 (ECT/ECW) |
| Plaintiffs, | |
| v. | **ORDER** |
| Kristi Noem, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; U.S. Department of Homeland Security; U.S. Immigration and Customs Enforcement; Todd M. Lyons, *in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*; David Easterwood, *in his official capacity as U.S. Immigration and Customs Enforcement Field Office Director for St. Paul, Minnesota*; U.S. Customs and Border Protection; Rodney S. Scott, *in his official capacity as Commissioner of U.S. Customs and Border Protection*; U.S. Border Patrol; Michael W. Banks, *in his official capacity as Chief of U.S. Border Patrol*; and Gregory Bovino, *in his official capacity as Commander-at-Large of U.S. Border Patrol*, | |
| Defendants. | |

Non-party Elder Mmoja Ajabu has filed a pro se Motion for Leave to File Amicus Curiae Brief in support of Plaintiffs' Motion for a Preliminary Injunction. ECF No. 76. The decision to grant leave to file an amicus brief is "a matter committed to the Court's discretion." *SEC v. Carebourn Cap., L.P.*, No. 21-cv-2114 (KMM/JFD), 2023 WL

4947458, at *1 (D. Minn. Aug. 3, 2023) (citing *Pavek v. Simon*, No. 19-cv-3000 (SRN/DTS), 2020 WL 1467008, at *2 (D. Minn. Mar. 26, 2020)).  A court may make its determination based on whether "it deems the proffered information timely, useful, or otherwise." *Pavek*, 2020 WL 1467008, at *2 (citation omitted).

Abaju's proposed brief, filed at ECF No. 77, discusses "a focused constitutional and historical analysis of tyranny as a legally cognizable condition; a regulatory analysis of ICE and DHS enforcement limits under binding federal regulations; and context regarding the non-electoral constitutional mechanisms by which citizens may lawfully resist and correct tyrannical government conduct."  ECF No. 76 at 1.  As described, this information is disconnected from the issues raised by the preliminary-injunction motion and not likely to be useful.

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1.    Abaju's Motion for Leave to File an Amicus Curiae Brief [ECF No. 76] is **DENIED**.

2.    The Clerk is directed to strike Abaju's proposed Amicus Curiae Brief [ECF No. 77] from the docket.

Dated:  January 27, 2026                    s/ Eric C. Tostrud
                                                    Eric C. Tostrud
                                                    United States District Court

2