UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MUBASHIR KHALIF HUSSEN,
MAHAMED EYDARUS, and JAVIER DOE
*on behalf of themselves and others similarly situated,*

    Plaintiffs,

v.

KRISTI NOEM, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; U.S. Department of Homeland Security; U.S. Immigration and Customs Enforcement; TODD LYONS, *in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*; DAVID EASTERWOOD, *in his official capacity as Acting Director, Saint Paul Field Office, U.S. Immigration and Customs Enforcement*; *;* U.S. Customs and Border Protection; RODNEY SCOTT, *in his official capacity as Commissioner of U.S. Customs and Border Protection;* U.S. Border Patrol; MICHAEL W. BANKS, *in his official capacity as Chief of U.S. Border Patrol*; and GREGORY BOVINO, *in his official capacity as Commander of the U.S. Border Patrol, in their official capacities,*

    Defendants.

Case No. 0:26-cv-00324-ECT-ECW

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD**

## INTRODUCTION

Plaintiffs, with the production of twenty-seven new declarations at the eleventh hour, attempt to hijack the record without affording Defendants a reasonable opportunity to respond. It is assumed, and logically so, that Plaintiffs will include information contained in the newly produced declarations in their reply in support of their Motion for Preliminary Injunction and Certification of Class Action due to this Court on Thursday, February 5, 2026—the very day they request this court require a response from the government. This Court should deny Plaintiffs' request for two reasons. First, the production of new evidence, issues or arguments through a reply brief has long been held to be improper by courts throughout the country. *See Torspo Hockey Int'l, Inc. v. Kor Hockey Ltd.*, 491 F. Supp. 2d 871, 878 (D. Minn. 2007) ("illustrat[ing] why federal courts do not, as a rule, entertain arguments made by a party for the first time in a reply brief."); *Navarijo–Barrios v. Ashcroft*, 322 F.3d 561, 564 n. 1 (8th Cir.2003); *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003); *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018) ("New evidence submitted as part of a reply is improper because it does not allow the defendant an adequate opportunity to respond."). Plaintiffs here have produced 27 declarations, and 9 potential witnesses a week before the scheduled evidentiary hearing, and further request this Court only allows Defendants a mere two days to respond.[1] On this dispute alone, Defendants' arguments would prevail.

---

[1] Plaintiffs also failed to provided Defendants with all of the sealed documents they filed until noon today. It appears that ECF Nos. 92-1, 92-4, and 92-14 were filed under seal and

1

Nevertheless, Plaintiffs Motion to Supplement additionally fails for a second reason: Defendants would be highly prejudiced by Plaintiffs' proposal to require a response within two days. In addition to the sheer number of new declarations and witnesses, Plaintiffs' current proposed order would deny Defendants a meaningful opportunity to analyze how Plaintiffs incorporate the new declarations into the arguments and issues within their reply brief. At the very least, this Court should exercise its discretion to grant leave to Defendants to file a sur-reply since "justice so requires." *Fuller v. Lion Oil Trading & Transportation, LLC*, No. 1:19-CV-1020, 2020 WL 3057392, at *6 (W.D. Ark. June 9, 2020), *aff'd*, 848 F. App'x 223 (8th Cir. 2021). Thus, even if this Court determines the declarations are not representative of a new issue or argument, justice still warrants a meaningful opportunity to respond to the recently disclosed evidence by Plaintiffs.

Therefore, if this Court finds the declarations are admissible, it should allow Defendants up to and until February 12, 2026, to fully and properly respond to Plaintiffs Reply and volumes of newly produced evidence. Accordingly, the preliminary injunction and class certification hearing should be continued to the next available date after February 11th.

---

not provided to Defendants. Plaintiffs filed a new set of declarations at ECF No. 103 that appears to be the missing files. Defendants are still sorting through Plaintiffs' confusing volumes of filings and uploads to determine whether these files or others are still missing.

## BACKGROUND

### I. Procedural Developments[2]

Plaintiffs filed this action on January 15, 2026, seeking declaratory and injunctive relief. Class Action Complaint for Declaratory and Injunctive Relief, ECF No. 2 ("Compl."). On January 16, 2026, Plaintiffs filed four motions and memoranda of law supporting those motions, including the motion for preliminary injunction, along with 22 declarations and accompanying exhibits. *See* ECF Nos. 15, 17, 18, 25, 27, 29, 31, 32, 34-46, 48, 50, 52-57, 60, and 62. Plaintiffs failed to meet and confer in advance of these filings, requesting the meeting on the same day as the filings. *See* ECF. Nos. 19, 47, 58, 63. Plaintiffs did not serve the declarations and evidentiary videos on Defendants until January 16, 2026. Plaintiffs additionally failed to provide the Doe Declarants identifying information to the government to allow for a proper response until January 28, 2026. Plaintiffs requested emergency injunctive relief and, on January 21, 2026, following a status conference, the Court granted an expedited briefing schedule. ECF No. 75.

On January 30, 2026, Defendants filed their Memorandum of Law in Opposition of Plaintiffs' Motion for Preliminary Injunction along with their Memorandum of Law in Opposition to Plaintiffs' Motion for Provisional Class Certification and Appointment of Class Counsel. ECF Nos. 81-86. On Saturday January 31, 2026, at 5:33 PM, Plaintiffs' Counsel, in an e-mail, informed the government that they would be seeking leave to file an

---

[2] Defendants briefly restate relevant facts as they relate to the timeliness and prejudicial effects of Plaintiffs' actions in providing the evidence at the base of their Preliminary Injunction and Class Action Claims. For a more in depth look at the underlying facts and procedural history, please *see* ECF No. 81.

undisclosed number of declarations to "apprise the Court of ongoing developments" and a proposed scheduling order. Declaration of James J. Walker ("Walker Decl."), ¶ 13. On the afternoon of February 1, 2026, government counsel responded—with the minimal information available—that agencies would be unduly burdened and more likely than not unable to meet Plaintiffs proposed turnaround times. *Id*. ¶ 14. Government counsel proposed "instead that Plaintiffs file their new declarations along with their reply on February 5 and then agree to a government sur-reply and to move the hearing back a week." *Id*. Plaintiffs' counsel responded at 5:33PM on February 1, 2026, acknowledging the lack of agreement. *Id*. ¶ 15. Plaintiffs informed the government that they would be moving forward with their proposed Motion and would be notifying the Court. *Id*. For the first time, Plaintiffs also noted that they would be producing "approximately 20 declarations" but did not have declarants' Alien numbers, dates of birth, or any personally identifying information (PII) to assist the government in properly locating potential records and documentation. *Id*.

Plaintiffs filed their Motion to Supplement the Record and supporting documentation on Monday, February 2, 2026. *See* ECF No. 89, ("Pls.' Mot."). In all, Plaintiffs produced 27 declarations. *Id*. Plaintiffs noticed that "five [declarations] were publicly filed by Plaintiffs in *Minnesota v. Noem*, No. 0:26-cv-190-KMM-DJF (D. Minn.), four are declarations from immigration attorneys [and] [t]he remaining eighteen are direct witness declarations." *Id* at 4. Plaintiffs further note that 12 of the declarations "come from individuals who were stopped or arrested in the days just before Plaintiffs filed their

4

motions," *Id*. Government counsel received the 27 declarations through dropbox service at 6:00PM on February 2, 2026. Walker Decl. ¶ 17.

## STANDARD OF REVIEW

"Federal courts do not, as a rule, entertain arguments made by a party for the first time in a reply brief." *Torspo Hockey Int'l, Inc. v. Kor Hockey Ltd.*, 491 F. Supp. 2d 871, 878 (D. Minn. 2007); *See, e.g., Navarijo–Barrios v. Ashcroft*, 322 F.3d 561, 564 n. 1 (8th Cir.2003); *Black v. Indep. Sch. Dist. No. 316*, 476 F.Supp.2d 1115, 1121 n. 6 (D.Minn.2007). Local Rule 7.1(c)(3)(B), provides that "[a] reply memorandum must not raise new grounds for relief or present matters that do not relate to the opposing party's response." *See Moreno v. Wells Fargo Bank, N.A.*, No. 18-CV-2760 (PJS/DTS), 2020 WL 362799, at *4 (D. Minn. Jan. 22, 2020).

However, in situations where new evidence is allowed by the Court, the Court has discretion to allow sur-replies when justice so requires. *Fuller*, 2020 WL 3057392, at *6; *see also Fleshner v. Tiedt*, No. 15-CV-2033-CJW, 2019 WL 271619, at *2 (N.D. Iowa Jan. 18, 2019). A sur-reply might be considered appropriate when the preceding reply "contained new information for which the opportunity to respond is needed." *Atuahene v. S. Dakota State Univ.*, No. CIV.07-4099-KES, 2009 WL 1586952, at *8 (D.S.D. June 4, 2009) (internal quotation marks omitted).

## ARGUMENT

### I. Supplementation of the Preliminary Injunction Record is Improper

Plaintiffs already moved for a preliminary injunction on the basis of the record before the Court. Therefore, this urgent attempt to supplement their record is an emergency

5

of their own making. As an initial matter, Defendants do not oppose supplementation of the record with the newly produced declarations *so long as* they are offered a just and meaningful opportunity to review the declarations and respond appropriately. Plaintiffs' proposed order does not allow for that.

Plaintiffs, at the eleventh hour leading up to their reply—but after the last day for Defendants to file their response—have produced another 27 declarations for the Defendants to analyze, research, and respond to in a matter of 72 hours. *See* Pls. Mot. 4. To compare, Plaintiffs first submitted 16 declarations with their initial filings and Defendants were afforded two weeks to respond. ECF No. 75. Now, not only are Plaintiffs requesting this Court offer no viable opportunity to meaningfully respond, they are asking the Court to certify multiple classes and issue sweeping relief in reliance on these newly obtained declarations that present subjective and inflammatory narratives that may very well not hold up to scrutiny. Nothing could be more prejudicial.

Plaintiffs argue that good cause to supplement exists as "Operation Metro Surge" is still ongoing, and the additional information will aid the court in reaching a decision. In bolstering their argument, they rely on two cases that are not directly applicable here. In *Surdyk's Liquor, Inc. v. MGM Liquor Stores, Inc.* both parties submitted Motions to Supplement the record to the court *after* briefing had been completed. *Surdyk's Liquor, Inc. v. MGM Liquor Stores, Inc.*, 83 F. Supp. 2d 1016, 1020 (D. Minn. 2000). The court, provided little to no analysis in granting the relief sought by *both* parties, merely stating "the parties have adequately explained why they did not include these materials with the original motion papers, and because these materials shed helpful light on the merits of

6

plaintiff's [] claim," the motions were granted. *Id*. Likewise, in *Ortiz-Alvarado v. Gomez*, Defendants, *after* the completion of briefing, sought to supplement the record with a deposition transcript. *Ortiz-Alvarado v. Gomez*, No. CIV. 14-209 MJD/SER, 2014 WL 3952434, *3 (D. Minn. Aug. 13, 2014). The court noted that because the Plaintiffs noticed the deposition, and the testimony was relevant, they would grant the motion to supplement. *Id*.

However, here, the Motion to Supplement is neither judicially fair and beneficial to both sides, nor is it submitted after the completion of the briefings. Plaintiffs have sought to supplement the record *after* Defendants have completed their portion of the briefing, but before Plaintiffs have fully responded. *See generally* Pls. Mot. Prejudice aside, (argued *infra*), the motion contradicts established case law prohibiting the introduction of new evidence or arguments on reply. *Smith v. United States*, 256 Fed. Appx. 850, 852 (8th Cir. 2007) ("the district court did not err in dismissing claims raised for the first time in a . . . reply brief."). In *U.S. Water Servs., Inc. v. Watertech of Am., Inc.*, the court noted that plaintiff's introduction of new arguments and evidence in its reply in support of its request for a Preliminary Injunction, was prohibited as Defendants did not have an "opportunity to respond to [the] accusation[s]." *U.S. Water Servs., Inc. v. Watertech of Am., Inc.*, No. 13-CV-1258 PJS/JSM, 2013 WL 5503725, *2 (D. Minn. Oct. 3, 2013).

Further, in *Torspo Hockey Int'l, Inc.*, this court held that if Defendants "had intended to rely on" additional pieces of evidence "other than [those] claimed" it "had the burden of identifying those [pieces] in its opening brief and thus giving [Plaintiff] a fair chance to respond." *Torspo Hockey Int'l, Inc.*, 491 F. Supp. at 878 (citing *Navarijo–Barrios*, 322 F.3d

7

at 564 n. 1. Here, Plaintiffs had 12 of the 27 declarations well before Defendants deadline to respond. Pls. Mot. at 4 ("Twelve declarations come from individuals who were stopped or arrested in the days just *before Plaintiffs filed* their motions; these individuals either were unable to meet with Plaintiffs' counsel until after Plaintiffs filed their Motions or only contacted Plaintiffs' counsel after.") (emphasis added). Plaintiffs could have and should have moved to supplement the record prior to Defendants response deadline. However, Plaintiffs have delayed the production of, at minimum, the 12 declarations and then argued that time is of the essence and as such this Court should handcuff Defendants into a prejudicial response time.

The fact is, Defendants' opposition does not raise arguments or evidence that Plaintiffs could not or should not have anticipated. Plaintiffs filed motions to certify a number of classes and issue a multifaceted preliminary injunction ostensibly protecting those classes from government-sanctioned discrimination. Defendants' opposition briefs correctly point out that Plaintiffs' evidence in support is woefully inadequate to meet their heavy burdens, even at this preliminary stage. Such a response does not invite Plaintiffs to file a mass of additional declarations—many of which they could have filed earlier—in an effort to shore up their inadequate motions. The government does not oppose Plaintiffs introducing additional evidence generally, as the Federal Rules allow. But their PI motion and class certification motion should be decided on the evidence they submitted with it— the only evidence the government was able to respond to. Barring that, the Court should, at a minimum, provide Defendants another week to review the additional evidence and file a surreply.

## II. Plaintiffs Newly Produced Declarations Highly Prejudice Defendants

Plaintiffs' proposed order and response schedule constitutes undue prejudice on Defendants while providing a tactical litigation advantage to Plaintiffs. "Undue prejudice" has been defined as "improper or unfair treatment amounting to something less than irreparable harm." *Pension Tr. Fund for Operating Eng'rs v. Assisted Living Concepts*, Inc., 943 F. Supp. 2d 913, 916 (E.D. Wis. 2013) (citing *In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583, 2006 WL 1738078, at *2 (S.D.N.Y. June 26, 2006)). "Courts [are] particularly concerned with the [parties'] abilities to adequately pursue settlement and other options when at an informational disadvantage compared to other parties." *Id*. (citing *In re WorldCom, Inc. Sec. Litig.*, 234 F.Supp.2d 301, 305 (S.D.N.Y 2002) (without lifting the stay, plaintiff "would be prejudiced by its inability to make informed decisions about its litigation strategy in a rapidly shifting landscape."). Here, Defendants are prejudiced by new additions to the record, a rapid turnaround, and a lack of information.

On its face, Plaintiffs request suggests bad faith. Plaintiffs offer up 27 new declarations, each one related to a separate incident with independent facts.[3] Plaintiffs have offered up these new declarations with little to no time to properly respond.[4] And, Plaintiffs

---

[3] Noting that four of the declarations are not indicative of an arrest or stop. ECF No. 89 (declarations of immigration attorneys).

[4] Plaintiffs have consistently failed to timely serve and produce declarations, video evidence, and other requested details regarding their alleged claims. Plaintiffs withheld even the names of their Doe declarants from Defendants until January 28. Plaintiffs misleadingly negotiated over producing PII related to these Doe declarants right up until the 28th, when they finally acknowledged they had none. Walker Decl. ¶ 9. Defendants were also not served video footage evidence until January 27, 2026. Plaintiffs also failed

have proffered these new declarations at a time when only they can adequately analyze and argue their contents. Moreover, Plaintiffs had a majority of these declarations *before* Defendants had responded to the motions. They had ample time to file a motion to supplement prior to Defendants' response yet chose to introduce these new declarations twenty-four hours after Defendants had concluded their response. Defendants' counsel needs to analyze the new declarations, advise the client agency about them; the agency will then need time to identify the individuals involved in each incident and locate relevant records; then that information will have to be provided to counsel, reviewed, analyzed, and incorporated into a brief. This takes time. Two days is not enough to put a fair reasonably balanced record before the Court.

 Plaintiffs argue time is essential as "Operation Metro Surge" continues every day. Pls. Mot. at 2. Yet, Plaintiffs attempt to benefit from a delay of their own making. *See Ketz & Assocs., Inc. v. Creative Kids Far E., Inc.*, No. 23-CV-3397 (PJS/EMB), 2025 WL 2398849 (D. Minn. Aug. 19, 2025) (the court emphasized that "given BAP's persistent untimeliness and lack of reasonable notice, the Court cannot conclude that these delays were the product of good faith efforts"). They could have produced the declarations prior to Defendants' response deadline. They could also agree to afford the government a reasonable time to file a sur-reply. Yet they instead seek to sandbag the government with incomplete information and no reasonable time to respond. They note that the hearing must go forward due to alleged continued violations. The government agrees the hearing should

---

to produce PII for the newly produced batch of declarations, leaving Defendants to attempt to determine who the declarant is and then search for relevant records. Walker Decl. ¶ 17.

10

still be held but fairness and justice require Defendants have a meaningful opportunity to respond to the newly produced declarations. Thus, this Court should grant Defendants request to be afforded a week to submit a sur-reply in order to meaningfully respond to the newly produced declarations, and any new arguments that may originate from their inclusion in the record.

### III. The Court Should decide The Pending Motions on the Extensive Record before the Court

The record before the Cout is now voluminous and contains many declarations sworn under penalty of perjury. Plaintiffs' proposal to put the same individuals, who have already sworn to declarations, on the stand at an evidentiary hearing will result in consuming the Court's resources with no tangible benefit. Instead, this proposal will only duplicate information already in the Court's possession and waste judicial resources. To the extent that Plaintiffs hope the Court will make credibility determinations, it is within the competence of the Court to make such determinations on the written record.

If an evidentiary hearing is ordered, adequate time for both parties to prepare to cross-examine one another's witnesses should be afforded. Plaintiffs' current proposal is entirely unworkable and is difficult to see as anything other than attempt to sandbag their opposition.

### CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion.

DATE: February 3, 2026                     Respectfully Submitted,

                                           BRETT A. SHUMATE
                                           Assistant Attorney General, Civil Division

11

TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General

JAMES WALKER
Senior Litigation Counsel
Office of Immigration Litigation

LORI S. MACKENZIE
Trial Attorney

*/s/ Shane A. Young*
SHANE A. YOUNG (DC #1620020)
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 451-7483
Shane.A.Young@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this memorandum of points and authorities does not exceed 12,000 words (3,026 words), which complies with this Courts' L.R. 7.1(f)(1). Undersigned counsel further notes that this memorandum of points and authorities is size 13, Times New Roman font in compliance with L.R. 7.1(h).

Date: February 3, 2026  

*/s/ Shane Young*
SHANE YOUNG
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed on February 3, 2026, through the ECF system, and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date: February 3, 2026  

*/s/ Shane Young*
SHANE YOUNG
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
*Attorney for Defendants*