UNITED   STATES   DISTRICT   COURT
DISTRICT OF MINNESOTA

---

MUBASHIR KHALIF HUSSEN,
MAHAMED EYDARUS, and JAVIER DOE
*on behalf of themselves and others similarly situated,*

      Plaintiffs,

v.

KRISTI NOEM, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; U.S. Department of Homeland Security; U.S. Immigration and Customs Enforcement; TODD LYONS, *in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*; DAVID EASTERWOOD, *in his official capacity as Acting Director, Saint Paul Field Office, U.S. Immigration and Customs Enforcement*; *;* U.S. Customs and Border Protection; RODNEY SCOTT, *in his official capacity as Commissioner of U.S. Customs and Border Protection;* U.S. Border Patrol; MICHAEL W. BANKS, *in his official capacity as Chief of U.S. Border Patrol*; and GREGORY BOVINO, *in his official capacity as Commander of the U.S. Border Patrol*,
*in their official capacities,*

      Defendants.

Case No. 0:26-cv-00324-ECT-ECW

**DECLARATION OF JAMES J. WALKER IN SUPPORT OF DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT RECORD**

---

1

I, James J. Walker, pursuant to 28 U.S.C. § 1746, declare as follows:

1.    I am a Trial Attorney for the U.S. Department of Justice, Civil Division, Office of Immigration Litigation, representing Defendants in this matter. I submit this declaration in support of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction.

2.    The statements contained in this declaration are based upon my personal knowledge and electronic communications between me and other counsel for Defendants ("Defendants' counsel") and counsel for Plaintiffs in this matter.[1]

3.    On January 20, 2026, Plaintiffs' counsel wrote to Defendants' counsel seeking their position on, among other matters, Plaintiffs' already-filed motion for some declarants to proceed under pseudonyms ("Doe declarants"). Having read Plaintiffs' motions (ECF Nos. 15 and 60), which both include Plaintiffs' "request that the Court grant permission to submit declarations of Declarant class members under pseudonym and that *the Court order Defendants to maintain the confidentiality of Declarants' identities*" (emphasis added), Defendants' counsel, understanding these were typical motions in which Defendants would know the identities of the parties suing them, responded on January 20 that we did not oppose the motions.

4.    On January 26, 2026, in an email conversation that ran between approximately 11:00am and 7:30pm, Defendants' counsel emailed Plaintiffs' counsel, stating "the Government needs specific information, to remain confidential, to further review and respond to the specific allegations made in the complaint and PI motion," and asked Plaintiffs' counsel: "Please provide the [Alien numbers], full names, [dates of birth], and [countries of birth] for the following" Doe declarants, as well as "the A#s, full names, DOB, and COB" of three lawful permanent resident declarants who had used their real names but provided no other identifying information, and the name of the U.S. citizen Doe plaintiff.

5.    On January 26 at 2:29pm, Plaintiffs' counsel responded stating their understanding "that this sort of information [i.e., the identities of plaintiffs and declarants] was not disclosed to the Government in other similar actions, at least not before the preliminary injunction stage," and asked that "To help us evaluate the request," we

---

[1] Defendants' counsel are filing this declaration without the referenced emails attached in the interest of expediency and to put the matter before the Court quickly. Defendants will supplement the declaration with the relevant emails no later than Wednesday, February 4.

"provide more details as to why such information (e.g., DOBs, A numbers, and COBs) is necessary at this time?" Plaintiffs' counsel did not say they did not possess the information.

6.    On January 26 at 2:52pm, Defendants' counsel responded that "Without relevant identifying information, the Government cannot verify the existence of principal claimants and witnesses" and again reiterated that the Defendants would maintain the Doe declarants' anonymity in public filings.

7.    On January 26 at 4:10pm, Plaintiffs' counsel responded that "The information sought, however, goes beyond identification. DOBs, A#s, and COBs seem quite unnecessary." Plaintiffs' counsel again did not indicate that they were not in possession of this information, only that it was more than they thought they should have to provide. Instead, Plaintiffs' counsel offered to provide the names of the plaintiff and declarants, but only in exchange for Defendants turning over "the I-213s for all Plaintiffs and Declarants by no later than Friday (noon, CST)."

8.    On January 26 at 4:44pm and again at 7:15pm, Defendants' counsel, still under the misimpression that Plaintiffs had the information needed, explained two more times that Defendants would need more personal identifying information ("PII") than just names in order to even search for the records Plaintiffs demanded in exchange for the identities of the Doe plaintiff and declarants.

9.    Only at 10:25pm on January 26, after Defendants' counsel and Defendants spent a whole day navigating Plaintiffs' unreasonable demand did Plaintiffs' counsel finally send an email admitting, "We cannot provide the additional identification at this time because it's not information that we have collected."

10.    On January 28, 2026, at 9:31am, two days after Defendants asked for the PII and just two days before Defendants' opposition to Plaintiffs' motions for preliminary injunction and class certification were due, Plaintiffs finally provided the names of the Doe declarants and Doe plaintiff.

11.    On January 27, 2026, Defendants' counsel emailed Plaintiffs' counsel to ask that they provide the declarations and video exhibits they had filed under seal on January 16. The same day, Plaintiffs provided the declaration and videos for Javier Doe, but Defendants had to email again, asking for "the video evidence in [ECF Nos.] 34-1, 29-1, and 32-1 for the other declarations."

12.    On January 27, 2026, just after 3:30pm, with just two days remaining before Defendants' oppositions were due, Plaintiffs provided the remaining declarations and videos. Plaintiffs' sworn declaration at ECF No. 105 that they provided these materials on January 26 is incorrect.

3

13.     On Saturday, January 31, 2026, at 5:33pm, Plaintiffs' Counsel e-mailed Defendants' counsel proposing that they would be seeking leave to file an undisclosed number of declarations to "apprise the Court of ongoing developments" and "[t]he Government may, if it wishes, respond to the declarations (up to 2 pages per declaration) by **Thursday, February 5** (the same day Plaintiffs' reply briefs are due)."

14.     On Sunday, February 1, 2026, Defendants' counsel responded that "the agencies will not be able to pull records and provide a meaningful response in just two days," and proposed instead that Plaintiffs file their new declarations along with their reply on February 5 and then agree to a government sur-reply and to move the hearing back a week.

15.     Plaintiffs' counsel responded at 5:33PM on February 1, 2026, stating they would be moving forward with their proposed motion and would be notifying the Court that same day of their intention to file. Plaintiffs also noted that they would be producing "approximately 20 declarations" and a "handful" of declarations previously filed in other litigation, but did not have any PII of these declarants to assist the government in properly locating potential records and documentation.

16.     On February 2, 2026, Plaintiffs filed their motion to supplement the record with 27 additional declarations and 3 video exhibits, filed either publicly or under seal at ECF Nos. 87, 90, 92, 93, 94, 95.

17.     On February 2, 2026, at 6pm, Plaintiffs' counsel uploaded 30 files to Defendants' counsel, comprised of unredacted versions of the redacted declarations filed at ECF No. 92, and the publicly filed declarations and the video exhibits, at ECF Nos. 90, 93, 94, 95. Plaintiffs' counsel separately emailed the real names of four new declarants using pseudonyms, but no other PII to assist Defendants in identifying them.

18.     However, on February 3, 2026, as Defendants continued to sort through Plaintiffs' latest filings, Defendants' counsel determined that Plaintiffs filings at ECF Nos. 90, 92-1, 92-4, and 92-14 were not accessible on PACER and not provided to us otherwise.

19.     On February 3, 2026, Plaintiffs filed additional declarations at ECF Nos. 103 and 104, apparently related to sealed filings made at ECF No. 90, but with no explanation for the additional filings. At 2:49pm, Plaintiffs' counsel emailed Defendants' counsel an unredacted version of ECF No. 90, again with no explanation and just two hours until Defendants' deadline to file our opposition. Defendants emailed Plaintiffs' counsel to determine the status of the remaining documents at ECF No. 92, and Plaintiffs now explain they are replacements for errors in the missing files at ECF Nos. 92-1, 92-4, and 92-14.

20.     On February 3, 2026, Plaintiffs filed a certification at ECF No. 105, asserting that they provided the sealed declaration of Javier Doe and 4 sealed video exhibits to Defendants on January 26. However, Plaintiffs did not upload those files until January 27.

21.    As of the time of this filing, Defendants' counsel continue to organize the many files Plaintiffs provided and have not yet been able to begin reviewing them for substantive responses.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 3, 2026.

_/s/ James J. Walker_
JAMES J. WALKER