UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mubashir Khalif Hussen, Mahamed Eydarus, and Javier Doe, *on behalf of themselves and others similarly situated*,<br><br>        Plaintiffs,<br><br>v.<br><br>Kristi Noem, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; U.S. Department of Homeland Security; U.S. Immigration and Customs Enforcement; Todd M. Lyons, *in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*; David Easterwood, *in his official capacity as U.S. Immigration and Customs Enforcement Field Office Director for St. Paul, Minnesota*; U.S. Customs and Border Protection; Rodney S. Scott, *in his official capacity as Commissioner of U.S. Customs and Border Protection*; U.S. Border Patrol; Michael W. Banks, *in his official capacity as Chief of U.S. Border Patrol*; and Gregory Bovino, *in his official capacity as Commander-at-Large of U.S. Border Patrol*,<br><br>        Defendants. | File No. 26-cv-324 (ECT/ECW)<br><br>**ORDER** |

Plaintiff Javier Doe and numerous non-party declarants have moved to proceed pseudonymously in this case. ECF Nos. 15, 60, 98. Defendants do not oppose the motions. ECF No. 101 (meet-and-confer statement). The motions will be granted for purposes of the evidentiary hearing scheduled for February 17, 2026. Whether Doe and the non-party

declarants will be allowed to prosecute and appear in the case pseudonymously after that will depend on the record developed at the evidentiary hearing and further arguments of counsel.

Though "[f]ederal courts disfavor the use of fictitious names in legal proceedings," they have allowed parties to appear pseudonymously when "(1) the party seeking anonymity was challenging government activity; (2) identification threatened to reveal information of a sensitive and highly personal nature; and (3) a party would be required, absent anonymity, to admit an intention to engage in illegal conduct, thereby risking criminal prosecution." *Cajune v. Indep. Sch. Dis. 194*, 105 F.4th 1070, 1076–77 (8th Cir. 2024); *see Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). Other factors may also be relevant, like danger of retaliation and prejudice to the defendants. *Cajune*, 105 F.4th at 1077; *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004); *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020); *Doe v. Innovate Fin., Inc.*, No. 21-cv-1754 (JRT/TNL), 2022 WL 673582, at *3 (D. Minn. Mar. 7, 2022).

It is not clear whether this is an "exceptional" case justifying the pseudonymous appearances of Plaintiff Javier Doe or the non-party witnesses who have requested it. *See Cajune*, 105 F.4th at 1077. It is true that Mr. Doe and the non-party declarants are challenging government activity. They allege that revealing their identities would subject them to risk of retaliation. *E.g.*, ECF No. 18 ¶¶ 2–5; ECF No. 37 ¶ 20; ECF No. 40 ¶ 21; ECF No. 41 ¶ 18; ECF No. 46 ¶ 27; ECF No. 92-5 ¶ 19; ECF No. 93 ¶ 39; ECF No. 93-1 ¶ 25. These allegations are not robust, and many are conclusory. On this record, the better answer is to allow Javier Doe and the non-declarants to proceed pseudonymously for the

limited purposes of the evidentiary hearing but then give the issue the more focused attention the law requires based on the record created at the evidentiary hearing.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiffs' Motion for Plaintiff Javier Doe to Proceed Under Pseudonym [ECF No. 15] is **GRANTED** subject to further consideration following the evidentiary hearing.

2. Plaintiffs' First Motion for Non-Party Declarants to Proceed Under Pseudonym [ECF No. 60] is **GRANTED** subject to further consideration following the evidentiary hearing.

3. Plaintiffs' Second Motion for Non-Party Declarants to Proceed Under Pseudonym [ECF No. 98] is **GRANTED** subject to further consideration following the evidentiary hearing.

4. Plaintiff Javier Doe and Non-Party Declarants are permitted to proceed in this action under the pseudonyms identified in their declarations in all public filings and proceedings, unless otherwise ordered by the Court.

5. Defendants shall maintain the confidentiality of Javier Doe's and Non-Party Declarants' identities by using these pseudonyms and redacting their full names and

personally identifying information in all filings, including all exhibits in which their names appear, unless otherwise ordered by the Court.

Dated:  February 12, 2026                              s/ Eric C. Tostrud
                                                       Eric C. Tostrud
                                                       United States District Court