UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MUBASHIR KHALIF HUSSEN,
MAHAMED EYDARUS, and JAVIER DOE
*on behalf of themselves and others similarly situated,*

      Plaintiffs,

v.

KRISTI NOEM, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; U.S. Department of Homeland Security; U.S. Immigration and Customs Enforcement; TODD LYONS, *in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*; DAVID EASTERWOOD, *in his official capacity as Acting Director, Saint Paul Field Office, U.S. Immigration and Customs Enforcement*; ; U.S. Customs and Border Protection; RODNEY SCOTT, *in his official capacity as Commissioner of U.S. Customs and Border Protection;* U.S. Border Patrol; MICHAEL W. BANKS, *in his official capacity as Chief of U.S. Border Patrol*; and GREGORY BOVINO, *in his official capacity as Commander of the U.S. Border Patrol*, *in their official capacities,*

      Defendants.

Case No. 0:26-cv-00324-ECT-ECW

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' USE OF OUTSIDE VIDEO NOT SUBMITTED IN THE RECORD**

## INTRODUCTION

Plaintiffs, *again*, with the proposed production of four new videos at the eleventh hour, attempt to continue their blatant attempts to hijack the record without affording Defendants a reasonable opportunity to analyze, investigate, and respond. It is once again assumed, and logically so, that Plaintiffs will use these new videos in the evidentiary hearing in support of their Motion for Preliminary Injunction and Certification of Class Action before this Court today, Tuesday, February 17, 2026. This Court should deny Plaintiff's attempt once again for two reasons. First, the production of new evidence this late in the schedule lacks good cause and is borderline bad faith. Plaintiff Hussen was stopped on December 9, 2025. ECF No. 84 ¶¶ 5-6 ("Hussen Decl."). The videos in controversy here were produced that very same day—two of the videos were in the public sphere within twenty-four hours of Plaintiff Hussen's stop—though unknown to defendants until Plaintiffs' late-Friday notice of their intent to file them. Plaintiffs now attempt to introduce these videos into the evidentiary record two months after the videos were produced, and one month after filing their Motion for Preliminary Injunction. Plaintiffs give no indication why good cause exists for allowing such an eleventh-hour filing. Indeed, Plaintiffs have given no explanation to why they did not include these "public videos" produced in news articles on December 9, and December 10, 2025, in their three separate declarations submitting publicly available evidence.[1] *See* ECF Nos. 48, 57,

---

[1] Plaintiffs have submitted 44 separate public reports, news articles, and social media posts encompassing almost 400 pages of the evidentiary record.

1

140. Further, Plaintiffs fail to recognize the implications of bad faith in producing four videos related to a *named* Plaintiff on the eve of the evidentiary hearing. The very same hearing that this Court has already extended based on late evidence dumps.

Nevertheless, Plaintiffs' attempt to introduce the videos in the evidentiary hearing fails for a second reason: Defendants are highly prejudiced by Plaintiffs' timing in releasing four new videos. Plaintiffs attempt to introduce these four new videos to the Court the *day after* Defendant's final sur-reply was due. It is clear that all of these videos were in Plaintiffs' possession prior to Defendants sur-reply deadline, where production would have afforded Defendants an opportunity to respond. *See Ortiz–Alvarado v. Gomez*, Civ. No. 14-209 (MJD/SER), 2014 WL 3952434, at *3 (D. Minn. Aug. 13, 2014); *Tincher v. Noem*, No. 25-cv-04669 (KMM/DTS), slip op. (D. Minn. Jan. 2, 2026) (allowing plaintiffs to submit supplementary evidence and providing defendants an opportunity to respond). Moreover, Plaintiffs communicated the proposed introduction on a Friday evening, after the close of business, preceding a holiday weekend. The prejudice of the timing of these productions is itself prima facie evidence to deny its inclusion.

Defendants have not proposed a witness that would justify the use of these videos as a rebuttal to testimony. The only potential use for Plaintiffs would be to bolster their previously submitted motions and replies, or their own witness's testimony. If that is the case, this Court should exercise its discretion to exclude the late-filed evidentiary materials. *See Trost v. Trek Bicycle Corp.*, 162 F. 3d 1004, 1008 (8th Cir. 1998). In the alternative, if the Court wishes to consider Plaintiffs' latest evidence as part of the preliminary injunction and class certification motions, the preliminary injunction and class certification hearing

2

should be continued to the next available date after February 17th to allow Defendants a meaningful opportunity to provide any response they deem necessary to the new information.

## BACKGROUND

Plaintiff Mubashir Khalif Hussen, the subject of the four new videos, was stopped by ICE Enforcement and Removal Operations on December 9, 2025.[2] Berry Decl. ¶¶ 5-6.

Plaintiffs filed this action on January 15, 2026, seeking declaratory and injunctive relief. Class Action Complaint for Declaratory and Injunctive Relief, ECF No. 2 ("Compl."). On January 16, 2026, Plaintiffs filed four motions and memoranda of law supporting those motions, including the motion for preliminary injunction, along with 22 declarations and accompanying exhibits. *See* ECF Nos. 15, 17, 18, 25, 27, 29, 31, 32, 34-46, 48, 50, 52-57, 60, and 62. Plaintiffs failed to meet and confer in advance of these filings, requesting the meeting on the same day as the filings. *See* ECF. Nos. 19, 47, 58, 63. Plaintiffs did not serve the declarations and evidentiary videos on Defendants until January 16, 2026. Plaintiffs additionally failed to provide the Doe Declarants identifying information to the government to allow for a proper response until January 28, 2026. Plaintiffs requested emergency injunctive relief and, on January 21, 2026, following a status conference, the Court granted an expedited briefing schedule. ECF No. 75.

On January 30, 2026, Defendants filed their Memorandum of Law in Opposition of Plaintiffs' Motion for Preliminary Injunction along with their Memorandum of Law in

---

[2] Plaintiff Hussen's Declaration incorrectly states the date of the stop as December 10, 2025. ECF No. 34 at 2, ("Hussen Decl.").

3

Opposition to Plaintiffs' Motion for Provisional Class Certification and Appointment of Class Counsel. ECF Nos. 81-86. Plaintiffs filed their first Motion to Supplement the Record and supporting documentation on Monday, February 2, 2026. *See* ECF No. 89, ("Pls.' Mot."). In that filing, Plaintiffs produced 27 declarations and subsequently produced new video. *Id*. Defendants filed an opposition to the Motion to Supplement on February 3, 2026, including a declaration showcasing Plaintiffs' continued delay in production of evidence. ECF Nos. 115, 116.

On February 4, 2026, this Court acknowledged Defendants were given "far too little time to respond" and gave Plaintiffs the option to choose their evidentiary pathway forward. ECF No. 128, at 2. Plaintiffs choose the supplementation route, and Defendants filed their Sur-reply on February 12, 2026. ECF No. 153.

On Friday, February 13, 2026, at 10:06 PM, Plaintiffs' counsel e-mailed Defendants, noticing disclosure of the four new videos related to Plaintiff Hussen's stop. On Monday, February 16, Defendants noticed Plaintiffs' counsel that they oppose the use of the four new videos under grounds of prejudice and the 11th hour nature of the filings. On Monday February 16, Plaintiffs' counsel acknowledged the opposition and stated they still intended to use the two publicly available videos in the hearing.

## ARGUMENT

### I. Eleventh Hour Production of Additional Video Evidence Lacks Good Cause and Borders Bad Faith

As previously argued in opposition to Plaintiffs' first Motion to Supplement, "Plaintiffs already moved for a preliminary injunction on the basis of the record before the

4

Court. Therefore, this urgent attempt to supplement their record is an emergency of their own making." ECF No. 115 at 5. Previously, Defendants', in an effort of good faith, acknowledged the production of new evidence but argued there should be an opportunity to respond. This Court agreed and should again refuse to allow Plaintiffs to ambush Defendants at the eleventh hour with unproduced video and evidentiary documentation.

Plaintiffs previously argued that good cause for the supplement existed as "Operation Metro Surge" was still ongoing,[3] and that any additional information would have aided the court in reaching a decision. However, that was in relation to *new* evidence unknown by Plaintiffs at the time of their filing. ECF No. 89 at 2 ("newly collected evidence"). Here, Plaintiffs, at the very last minute, intend to produce video evidence that their initial motions relied on. Indeed, they intend to use video evidence of a *named plaintiff* which was available to them over a month before the filing of their motions. Good cause does not exist in failing to produce evidence of Plaintiff Hussen's own alleged injury prior to the filing of the injunction motion itself. *Weeks v. Birch*, No. 1:17-CV-00022 AGF, 2020 WL 33089, at *2 (E.D. Mo. Jan. 2, 2020) ("A court is less likely to find good cause . . . when the moving party knew of the issue at the time of the original [filing] and provides no good reason why it was omitted."); *see also Barstad v. Murray County*, 420 F.3d 880, 883 (8th Cir. 2005); *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003).  Even if Plaintiffs allege the video was not in their possession at the time of the filing, it was certainly available and the lack of inquiry or investigation should not justify a last-minute

---

[3] *See* ECF No. 153 at n. 1.

ambush on Defendants on the eve of the evidentiary hearing. *FastTrac Transportation, LLC v. Pedigree Techs., LLC*, No. 3:22-CV-53, 2023 WL 3226185 (D.N.D. Mar. 7, 2023), *objections overruled*, No. 3:22-CV-53, 2023 WL 12088783 (D.N.D. July 7, 2023) ("a party does not meet the good cause standard . . . if the relevant information on which it seeks to base [its argument] was available to it earlier in the litigation."); *see also IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, 326 F.R.D. 513, 522 (D. Minn. 2018).

Further, in *Torspo Hockey Int'l, Inc.*, another court in this jurisdiction held that if Defendants "had intended to rely on" additional pieces of evidence "other than [those] claimed" it "had the burden of identifying those [pieces] in its opening brief and thus giving [Plaintiff] a fair chance to respond." *Torspo Hockey Int'l, Inc. v. Kor Hockey Ltd.*, 491 F. Supp. 871, 878 (citing *Navarijo–Barrios*, 322 F.3d at 564 n. 1. Here, Plaintiffs had knowledge or possession of these videos prior to the filing of their motions. Plaintiffs could have and should have moved to bring these videos into the evidentiary record well before Friday night at 10:06 PM. Plaintiffs' delayed production lacks good cause and handcuffs Defendants once again into scrambling over a holiday weekend to analyze and prepare a response.

Again, Plaintiffs' preliminary injunction motion and class certification motion should be decided on the evidence they submitted with it—the only evidence the government was able to respond to.

## II. Plaintiffs' Newly Produced Videos Highly Prejudice Defendants

Plaintiffs' attempt to introduce four new videos at the eleventh hour constitutes undue prejudice on Defendants while providing a tactical litigation advantage to Plaintiffs.

6

"Undue prejudice" has been defined as "improper or unfair treatment amounting to something less than irreparable harm." *Pension Tr. Fund for Operating Eng'rs v. Assisted Living Concepts*, Inc., 943 F. Supp. 2d 913, 916 (E.D. Wis. 2013) (citing *In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583, 2006 WL 1738078, at *2 (S.D.N.Y. June 26, 2006)). District courts "are particularly concerned with the [parties'] abilities to adequately" prepare for hearings "and other options when at an informational disadvantage compared to other parties." *Id*. (citing *In re WorldCom, Inc. Sec. Litig.*, 234 F.Supp.2d 301, 305 (S.D.N.Y 2002) (without lifting the stay, plaintiff "would be prejudiced by its inability to make informed decisions about its litigation strategy in a rapidly shifting landscape."). Here, once again, Defendants are prejudiced by the new additions to the record, a rapid turnaround, and a lack of information.

As an initial matter, "there is no need to consider prejudice where the moving party has clearly failed to be diligent in its effort . . .." *Weeks*, 2020 WL 33089 at *2; *see also Bradford v. DANA Corp.*, 249 F. 3d 807, 809 (8th Cir. 2001). Here, Plaintiffs clearly had the opportunity to introduce these videos earlier. But for a second time in this brief litigation, Plaintiffs proffer these new videos just in time to deprive Defendants of adequate time to analyze and defend their contents in today's hearing. Plaintiffs once again attempt to benefit from a delay of their own making. *See Ketz & Assocs., Inc. v. Creative Kids Far E., Inc.*, No. 23-CV-3397 (PJS/EMB), 2025 WL 2398849 (D. Minn. Aug. 19, 2025) (the court emphasized that "given BAP's persistent untimeliness and lack of reasonable notice, the Court cannot conclude that these delays were the product of good faith efforts."). Plaintiffs should have produced the videos prior to Defendants' sur-reply deadline, instead

7

of sandbagging the government again with new information and no reasonable time to respond.

Plaintiffs may argue that because two of the videos were publicly available, the government should have known they were out there and could have relied upon them in their briefs. But that is in the opposite of the case law in this circuit. *See Weeks*, 2020 WL 33089 at *2. Plaintiffs fail to acknowledge the breadth of publicly available information they already submitted to this court, and fail to explain why these videos were not a part of their earlier submissions. Plaintiffs' decision to withhold the videos until the last minute does not flip the burden to the government to provide Plaintiffs' discovery for them. *See Torspo Hockey Int'l, Inc.*, 491 F. Supp. at 878. The government once again argues the hearing could still be held without this new evidence, but fairness and justice require Defendants have a meaningful opportunity to prepare a response to the newly produced evidence. Thus, this Court should deny the entry of the new video evidence.

### III. In the Alternative, The Court Should Continue the Evidentiary Hearing

If the Court decides to admit the newly produced videos into the evidentiary record for use at the evidentiary hearing and the hearing for oral argument on the preliminary injunction and class certification motions, the Court should afford Defendants adequate time to analyze and investigate the videos. Defendants will also need to determine if an additional response or witness is needed to counter the newly produced evidence. Plaintiffs' last-minute production is difficult to see as anything other than an attempt to sandbag their opposition. As such, this Court should either exclude the new videos or continue the evidentiary hearing to the next available date after February

17 to allow Defendants a fair opportunity to analyze and investigate the videos and develop a proper response.

## CONCLUSION

For the foregoing reasons, the Court should prohibit Plaintiffs use of the videos.

DATE: February 17, 2026               Respectfully Submitted,

                                                    BRETT A. SHUMATE
Assistant Attorney General, Civil Division

TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General

JAMES J. WALKER
Senior Litigation Counsel
Office of Immigration Litigation

LORI S. MACKENZIE
Trial Attorney

<u>/s/ Shane A. Young</u>
SHANE A. YOUNG (DC #1620020)
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 451-7483
Shane.A.Young@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this memorandum of points and authorities does not exceed 12,000 words (2,291 words), which complies with this Courts' L.R. 7.1(f)(1). Undersigned counsel further notes that this memorandum of points and authorities is size 13, Times New Roman font in compliance with L.R. 7.1(h).

Date: February 17, 2026          */s/ Shane Young*
                                  SHANE YOUNG
                                  Trial Attorney
                                  United States Department of Justice
                                  Office of Immigration Litigation
                                  *Attorney for Defendants*

10

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed on February 17, 2026, through the ECF system, and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date: February 17, 2026  */s/ Shane Young*
SHANE YOUNG
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
*Attorney for Defendants*