UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MUBASHIR KHALIF HUSSEN,
MAHAMED EYDARUS, and JAVIER DOE
*on behalf of themselves and others similarly situated,*

    Plaintiffs,

v.

KRISTI NOEM, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; U.S. Department of Homeland Security; U.S. Immigration and Customs Enforcement; TODD LYONS, *in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*; DAVID EASTERWOOD, *in his official capacity as Acting Director, Saint Paul Field Office, U.S. Immigration and Customs Enforcement*; *;* U.S. Customs and Border Protection; RODNEY SCOTT, *in his official capacity as Commissioner of U.S. Customs and Border Protection;* U.S. Border Patrol; MICHAEL W. BANKS, *in his official capacity as Chief of U.S. Border Patrol*; and GREGORY BOVINO, *in his official capacity as Commander of the U.S. Border Patrol*,
*in their official capacities,*

    Defendants.

Case No. 0:26-cv-00324-ECT-ECW

**DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFFS' FOURTH DECLARATION OF KSHITHIJ SHRINATH IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND CLASS CERTIFICATION (ECF NO. 167)**

1

Plaintiffs filed their "fourth declaration of Kshithj Shrinath… in response to [this] Court's February 19, 2026, order at ECF No. 164, permitting Plaintiffs to file a 'declaration attaching *selected drawdown related statements* by Defendants.'" ECF No. 167; *see also* ECF No. 164. This Court was very clear that *only* "drawdown-related statements" and evidence pertaining to immigration enforcement operations in Minnesota since the drawdown began on February 12, 2026, may be submitted at this stage of the litigation. ECF No. 164 ("(1) a declaration attaching selected drawdown-related statements by Defendants; and (2) supplemental declarations documenting ongoing immigration enforcement operations in Minnesota for the time period since Defendants began the reduction of federal agents announced by Mr. Homan on February 12, 2026.") Any submission of additional record evidence would allow a response from the opposing party and put the court in a position to delay a decision on Plaintiffs expedited motion for preliminary injunction. 2.18.2026 PI Hearing Trs. 29:9-10; 29:16-18 ("PI Trs.") ("[A]t some point I got to make a decision…. As I said, the only evidence that I have asked for and will allow to be submitted at this point is the information regarding the drawdown. That's it for now.").

Despite the Court's clear instructions, Plaintiffs submitted additional record evidence *outside the scope* of this Court's order and without a proper Motion to Supplement. In Plaintiffs' Fourth Declaration, they have submitted four paragraphs under the section titled "DHS Immigration Enforcement Activity in Minnesota Had Fundamentally Shifted Even *Prior* to an Increase in DHS Agents." ECF No. 167 at 6.

2

Plaintiffs, in their own section title, acknowledge the declaration refers to events prior to the announcement of the drawdown—indeed, even prior to Operation Metro Surge.

As an initial matter, much of the evidence that Plaintiffs append to the Shrinath Declaration is outside the scope of Plaintiffs' own pleadings, let alone the Court's much more limited order. Plaintiffs' Complaint seeks to certify classes, each of which include persons who have been arrested or subject to an investigatory stop since December 1, 2025. But much of the evidence submitted with the Shrinath Declaration deals with events *prior* to December 1, 2025, even as far back as January 2025. ECF No. 167 at 6 (referring to enforcement action between "January 20, 2025, and October 15, 2025…."). This evidence is outside the scope of this case. Additionally, Plaintiffs' newly introduced evidence refers to habeas petitions, which are not relevant to this current litigation. *See generally* ECF No. 2. None of the Plaintiffs or proposed declarants have mentioned habeas petitions, nor are habeas petitions evidence of a policy of investigative stops and warrantless arrests targeting individuals based solely on perceived ethnicity.

But even if such stale evidence were relevant to the case overall, the Shrinath Declaration flouts this Court's clear instruction that this latest submission of evidence should concern only the "drawdown" of Operation metro Surge. [Transcript cite]. Nothing in Paragraph 9 of the Shrinath Declaration refers to drawdown activities or statements. ECF No. 167 at 6. Paragraph 10 refers to habeas petitions between August 1, 2025, and November 30, 2025. *Id*. Again, this paragraph does not refer to drawdown activities or statements. Paragraph 11 notes the number of habeas petitions filed between four periods of time. *Id*. The first three periods of time, to which Plaintiffs cite new habeas petitions,

3

are prior to the announcement of the drawdown and thus are not within the scope of the allowed submission without a proper motion. *Id*. at 7 ("December 1, 2025, [through] December 31, 2025…January 1, 2026, [through] January 31, 2026…February 1, 2026, [through] February 11, 2026…"); *See* ECF No. 164. The fourth period of time refers to habeas petitions filed between February 12, 2026, and the date of declaration filing. Once again, nothing in the request for a Preliminary Injunction and Class Certification relies on or even references habeas petitions. The inclusion of that information now is outside the scope of this case, much less of the Court's order.

Finally, paragraph 12 includes argument that Plaintiffs' stops occurred prior to the deployment of additional officers. ECF No. 167 at 7. Yet, once again, this is additional evidentiary argument that does not fall within the scope of this court's order limiting submissions to drawdown related statements or activities. ECF No. 164. Plaintiffs cannot be allowed to continue the last-minute introduction of new arguments and evidence.

Moreover, Plaintiffs attach five exhibits to their declaration. Three of those exhibits refer to immigration enforcement activities on or prior to December 2, 2025. *Id*. at 8 (Exhibit 5 refers to an article dated December 2, 2025; Exhibit 2 refers to an article dated October 6, 2025, and includes statements from one of Plaintiffs' proposed witnesses at the evidentiary hearing; and Exhibit 3 refers to an article dated July 20, 2025). Plaintiffs once again have attempted to introduce new evidence at the eleventh hour. This court was clear through its discussion and its order that the continued attempt to introduce evidence would inevitably delay a decision. *See* PI Trs. 29:9-10; 29:16-18; ECF No. 164. Plaintiffs' declaration does contain some information that falls within the two categories this Court

4

permitted, *see* ECF No. 167 at 1-5, but the remainder of their submission is littered with irrelevant evidence and documents that are outside the scope of the order.

Thus, this Court should strike the portions of Plaintiffs' declaration that includes new information and evidence that does not relate to drawdown statements or activities. In the alternative, if the Court uses its discretion to allow the introduction of the new evidence and documentation, it should direct Plaintiff to properly move for the introduction of the new evidence and documentation through a Motion to Supplement. Doing so will allow Defendants an opportunity to properly respond to the appropriate motion.

DATE: February 26, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General

JAMES J. WALKER
Senior Litigation Counsel
Office of Immigration Litigation

LORI S. MACKENZIE
Trial Attorney

*/s/ Shane A. Young*
SHANE A. YOUNG (DC #1620020)
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 451-7483
Shane.A.Young@usdoj.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed on February 26, 2026, through the ECF system, and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date: February 26, 2026 */s/ Shane Young*
SHANE YOUNG
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
*Attorney for Defendants*