# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Mubashir Khalif Hussen,
Mahamed Eydarus, and Javier
Doe, *on behalf of themselves and others
similarly situated*,

Case No. 26-cv-00324 (ECT/ECW)

      Plaintiffs,

v.

**ORDER**

Kristi Noem, *in her official capacity as
Secretary of the U.S. Department of
Homeland Security*; U.S. Department Of
Homeland Security; U.S. Immigration and
Customs Enforcement; Todd M. Lyons, *in
his official capacity as Acting Director of
U.S. Immigration and Customs
Enforcement*; David Easterwood, *in his
official capacity as U.S. Immigration and
Customs Enforcement Field Office
Director for St. Paul, Minnesota*; U.S.
Customs and Border Protection; Rodney
S. Scott, *in his official capacity as
Commissioner of U.S. Customs and
Border Protection*; U.S. Border Patrol;
Michael W. Banks, *in his official capacity
as Chief of U.S. Border Patrol*; and
Gregory Bovino, *in his official capacity
as Commander-at-Large of U.S. Border
Patrol*,

      Defendants.

This matter is before the Court on the parties' Joint Motion Regarding Continued

Sealing (Dkt. 189) pursuant to Local Rule 5.6(d) concerning documents filed under seal

in connection with Plaintiffs' Motion for Preliminary Injunction (Dkt. 25).

Here, the parties agree that Docket Entries 30, 31, 31-1, 31-2, 90-4, and 90-7

should be unsealed.  (Dkt. 189 at 3-4.)  As such, these documents will be unsealed in

accordance with the Local Rules.

In addition, the parties seek continued sealing of Docket Entries 90, 90-1, 90-2, 90-3, 90-5, 90-6, 90-8, 90-9, 90-10, 90-11, 90-12, 90-13, 90-14, 136-3, 137-1, and 137-2 because they contain information regarding third-parties, including their identities, which could result in harassment from the public, and in some cases deprive them of protections afforded to persons in immigration proceedings.

American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted).  As the Eighth Circuit has held:

> There is a common-law right of access to judicial records. . . . This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and "to keep a watchful eye on the workings of public agencies." It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citations omitted).

"This right of access is not absolute, but requires a weighing of competing interests." *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-CV-8 (JRT/SER), 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018) (quoting *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)).  According to the Eighth Circuit:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed. . . . The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case.

*IDT*, 709 F.3d at 1223 (citation modified); *see also Architectural BusSTRUT Corp. v. Target Corp.*, No. 19-CV-968 (DSD/ECW), 2021 WL 5992308, at *2 (D. Minn. July 19, 2021).

Based on the representations of the parties and the Court's review of the docket entries, the Court concludes that the need to maintain the information in the above entries under seal outweighs the public's right of access, given that identifying these individuals may subject them to potential harassment by members of the public. *See IDT*, 709 F.3d at 1224; Fed. R. Civ. P. 26(c)(1). That said, while Docket Entries 136-3, 137-1, and 137-2 are heavily redacted, they are nevertheless publicly available. As such, while the redactions may remain, the Motion for their continued sealing is denied.

### **ORDER**

Based on the motions and the documents filed under seal, as well as all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      The parties' Joint Motion Regarding Continued Sealing (Dkt. 189) is **GRANTED** in part and **DENIED** in as set forth in this Order;

2.      Docket Entries 30, 31, 31-1, 31-2, 90-4 and 90-7 are **UNSEALED** in accordance with the Local Rules;

3.      Docket Entries 136-3, 137-1, and 137-2 in their present redacted form will remain **UNSEALED** unless there is a further motion from the parties; and

4.      Docket Entries 90, 90-1, 90-2, 90-3, 90-5, 90-6, 90-8, 90-9, 90-10, 90-11, 90-12, 90-13, and 90-14 will remain **SEALED**.

DATED: March 31, 2026

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge